**ZHOU ZHENG, Petitioner,**

**v.**

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

No. 07–3609–ag.

United States Court of Appeals, Second Circuit.

June 13, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Baron, Mundie & Shelkin, P.C., New York, New York, for Petitioner.

Jeffrey S. Bucholz, Acting Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel, David Schor, Trial Attorney, Office of Immigration Litigation, Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhou Zheng, a native and citizen of the People's Republic of China, seeks review of a July 24, 2007 order of the BIA affirming the April 4, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhou Zheng*, No. A 79 436 630 (B.I.A. July 24, 2007), *aff'g* No. A 79 436 630 (Immig. Ct. N.Y. City Apr. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

As a preliminary matter, because Zheng fails to challenge the agency's denial of his request for CAT relief, we deem any such arguments waived and deny the petition for review to that extent. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Here, we cannot say that the agency erred when it found that Zheng failed to establish that he had suffered past persecution. Zheng denied ever having been arrested. To the extent he claimed past persecution based on his father's alleged forced sterilization, even assuming that the procedure occurred because his father was a Christian, Zheng was not eligible for asylum based on that event. *Cf. Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (holding that children of individuals directly victimized by coercive family planning policies are precluded "from establishing that they are *per se* as eligible for relief as those directly victimized, themselves"). Furthermore, while his sister may have been denied treatment due to his family's religion, her death also did not amount to persecution to Zheng himself. *Cf. Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006) (holding that a Mayan Guatemalan asylum applicant who was not present at or directly victimized

by a massacre in his village may have nonetheless experienced persecution based on certain factors, including age at the time of the massacre and his dependence on those persons slain). Under these circumstances, the BIA did not err in finding that Zheng failed to establish that his experiences amounted to past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006).

■ On the other hand, the agency erred in finding that Zheng failed to demonstrate a well-founded fear of persecution. In reaching that conclusion, the BIA emphasized Zheng's testimony that he did not know whether the police knew that he was present on the night the authorities allegedly broke up the church meeting. However, regardless of whether the police knew that Zheng was present at the meeting, the BIA failed to take into account Zheng's testimony that he feared arrest because other church members might have given his name to the police, or because the police officers who saw him in the street once he left the meeting might have recognized him. The BIA's failure to acknowledge this testimony was error. *See Xiao Ji Chen,* 471 F.3d at 341 (emphasizing that in rejecting an applicant's claim, the IJ should "consider all the evidence in the record that has probative value").

■ Similarly, the BIA's decision was flawed to the extent it relied on omissions from Zheng's grandmother's letter concerning the police having come to their home and having shut off the electricity and water. Although the record does not contain the letter that Zheng submitted from his grandmother, its contents are not in dispute. Nonetheless, as Zheng argues, the BIA failed to consider the letter that he submitted from his uncle corroborating his claim that the police had come to his home looking for him, shutting off the utilities when they could not find him. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109,

115 (2d Cir.2006). Because Zheng testified that his uncle also resided with him and his grandmother, and the letter specifically addressed the shortcomings of the letter from Zheng's grandmother, the BIA was obliged to address this "self-evidently material evidence" in the record. *See id.* The BIA's failure to address Zheng's evidence requires remand of his claims for asylum and withholding of removal because it cannot be confidently predicted that the agency would have reached the same decision, absent these errors. *See Xiao Ji Chen,* 471 F.3d at 339–40.

For the foregoing reasons, the petition for review is GRANTED, in part, and DENIED, in part, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order.