**ZHUO ZHENG, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–1041–ag.**

United States Court of Appeals, Second Circuit.

Oct. 16, 2009.

Jeffrey E. Baron; Baron, Mundie, & Shelkin, P.C., New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Allen W. Hausman, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, RICHARD C. WESLEY and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhuo Zheng, a native and citizen of the People's Republic of China, seeks review of a February 11, 2009 order of the BIA, *In re Zhou Zheng*, No. A079 436 630 (B.I.A. Feb. 11, 2009), issued on remand from this Court. *Zhou Zheng v. Mukasey*, 285 Fed.Appx. 780 (2d Cir.2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA's decision alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

The agency properly found that Zheng failed to establish a well-founded fear of persecution, as required for a grant of asylum. 8 U.S.C. § 1101(a)(42). In our prior decision, we identified three errors in the BIA's order necessitating remand: (1) the BIA failed to take into account Zheng's testimony that he feared arrest because other church members might have given his name to the police, or because police officers might have recognized him; (2) the BIA erred in relying on omissions in Zheng's grandmother's letter; and (3) the BIA failed to consider the letter from Zheng's uncle, which specifically addressed the shortcomings of the letter from Zheng's grandmother.

The BIA remedied these errors in its February 2009 decision. First, the BIA assumed that police were aware of Zheng's involvement in a church group, but found that he had failed to explain what happened to church members who were arrested. It further noted the absence of evidence suggesting that the authorities continued to look for Zheng after 2002. Thus, the BIA reasonably found that the record did not support a finding that Zheng's fear was objectively reasonable. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."). Second, the BIA considered Zheng's uncle's letter in conjunction with Zheng's grandmother's letter, reasonably concluding that, while his uncle's letter confirmed details missing in his grandmother's letter, it did not support a finding of a well-founded fear of future persecution. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).

■ We also find no clear error in the agency's conclusion that Zheng failed to establish the existence of a pattern or practice of persecution of unauthorized Christian church groups in China. *See* 8 C.F.R. § 1208.16(b)(2)(i). The agency's finding was reasonable because the record indicates that in some areas of China, authorities tolerate small church and Bible study groups. Even if the record also reveals some official repression of religious groups, we find no error in the agency's weighing of the evidence. *See Siewe v. Gonzales,* 480 F.3d 160, 167 (2d Cir.2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

Because Zheng did not demonstrate that the agency erred in its analysis of his asylum claim, we leave undisturbed the agency's denial of that relief. Insofar as Zheng failed to meet his burden of proof with respect to his asylum claim, he necessarily failed to meet the higher burden of proof required to prevail on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Finally, the BIA did not abuse its discretion in declining to remand Zheng's proceedings to the IJ based on his claim that the record was "stale." Motions to remand are held to the same substantive standards as motions to reopen. *Singh v. U.S. Dep't of Justice,* 461 F.3d 290, 293 (2d Cir.2006). Here, because Zheng failed to specify any new evidence he wished to include other than the most recent country report, which he admits contained information "substantially similar" to the reports already in the record, the BIA did not err in refusing to remand. *Id.*; 8 C.F.R. § 1003.23(c). Nor will this Court remand for the BIA to consider additional evi-

dence. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).